**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-50-DLB-EBA**

**MAURICE OAKLEY** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**STATE FARM MUTUAL INSURANCE COMPANY and**
**STATE FARM FIRE AND CASUALTY COMPANY** **DEFENDANTS**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Defendants State Farm Mutual Insurance Company and State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss. (Docket No. 16). Plaintiff Maurice Oakley has responded to the motion (Docket No. 21) and State Farm has filed a reply (Docket No. 23). In addition, Plaintiff has filed a motion to Modify the Scheduling Order and File an Amended Complaint (Docket No. 20) to which State Farm has responded (Docket No. 24). For the reasons set forth herein, the Court will **deny** Plaintiff's motion and **grant** Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's claim for coverage pursuant to a policy of homeowners insurance purchased from State Farm, Policy No. 17-BD-E138-7 for property damage sustained on December 10, 2023, as a result of a windstorm. State Farm issued a payment under the policy on March 7, 2024, in the amount of $63,547.26.

Plaintiff initiated this civil action on March 12, 2025, in Greenup Circuit Court, alleging breach of contract, bad faith and unfair claims settlement practices. (Complaint,

Docket No. 1-1). He asserts extensive damage to his home caused by a December 10, 2023 "covered event." *Id*. at ¶ 5. On April 3, 2025, Plaintiff filed an Amended Complaint in Greenup Circuit Court, adding that State Farm breached its contract by "refusing to repair and/or replace" the home and including a claim under the Kentucky Consumer Protection Act. (Amended Complaint, Docket 1-1, ¶¶ 16,17 and 20).

On May 2, 2025, State Farm filed a timely Notice of Removal matter pursuant to 28 U.S.C. § 1441 and 1446 based upon diversity of citizenship as set forth in 28 U.S.C. § 1332. (Docket No. 1). On October 14, 2025, Plaintiff sought, again, to amend his complaint. (Docket No. 9). However, on November 14, 2025, that motion was withdrawn. (Docket No. 11). The same day, another motion to amend was filed. (Docket No. 12). In that proposed amended complaint, Plaintiff maintained that his home was damaged on December 10, 2023, but that the chimney fell on January 24, 2024, causing additional damage. *Id.* He further proposed to allege that "the extent of the damage was hidden and unknown to the Plaintiff until it became apparent later in 2025 at later dates." *Id.*

Magistrate Judge Edward B. Atkins denied Plaintiff's motion, finding the proposed amendments to be futile because they were plainly time-barred. (Docket No. 15). Magistrate Judge Atkins specifically found that the policy at issue required any civil action to be brought within one year after the date of loss or damage, which would have been prior to January 24, 2025, two months prior to the filing of the lawsuit in Greenup County. *Id.* at pg. 2. As such, any proposed additional claim was time-barred. With regard to Plaintiff's attempt to find recourse in the "discovery rule," he found it was not applicable, stating that "Kentucky courts have routinely declined to extend the "discovery rule— a rule first applied in the medical malpractice context—to contracts limitations clauses in

insurance contract disputes." *Id.* at pg. 3 (internal citations omitted). Magistrate Judge Atkins concluded that, "even taking everything Oakley alleges in his complaint as true, he fails to state a recoverable breach of contract claim. Consequently, because his amended complaint is futile, the Court declines to grant him leave to amend it." *Id.* at pg. 4.

State Farm seeks dismissal of all claims alleged against it. (Docket No. 16). Plaintiff, again, seeks to amend his complaint, more than four months after the deadline to join parties or amend pleadings. (Docket No. 20). As a result, Plaintiff also seeks a modification of the Court's previously entered scheduling order.

## II. STANDARD OF REVIEW

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint." *Gallaher & Assocs. Inc., v. Emerald TC, LLC*, No. 3:08-cv-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (*citing Ellison v. Ford Motor Co*., 847 F.2d 297, 300 (6th Cir. 1988)). "If the court grants a motion to amend, 'the original pleading no longer performs any function in the case.'" *McIlwain v. Jefferson Cnty*., No. 3:25-cv-40-RGJ, 2026 WL 711552, at *3 (W.D. Ky. Mar. 13, 2026) (*citing Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citations omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc*., No. 3:16-cv-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. Under Rule 15, a plaintiff can amend his complaint one time within twenty-one days of

serving the original complaint or at any point before the defendant answers the complaint. Fed. R. Civ. P. 15(a)(1). Rule 15 further provides that even if the party does not seek the amendment within those twenty-one days, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] court need not grant a motion to amend when the reason for the amendment is improper, 'such as . . . **futility of amendment**[.]'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (*quoting Parchman v. SLM Corp*., 896 F.3d 728, 736 (6th Cir. 2018)) (emphasis in original). "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (*quoting Riverview Health Inst. LLC v. Med. Mut. of OH*, 601 F.3d 505, 512 (6th Cir. 2010)).

With regard to dismissal, Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has "'state[d] a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint does not have to show that liability is probable, but the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (*quoting Twombly*, 550 U.S. at 557). If a reasonable court "can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.* 684 F.3d 605, 610 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678). In adjudicating a motion to dismiss, a court should accept the plaintiff's allegations as true and then determine whether the plaintiff has pled sufficient "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. In short, a claim cannot survive a motion to dismiss if the plaintiff has not pled sufficiently plausible facts to support a "viable legal theory" with respect to all material elements of each claim. *Eidson v. State of Tenn. Dept. of Children's Servs*., 510 F.3d 631, 634 (6th Cir. 2007).

Finally, a federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state where it sits. *Klaxon v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941); *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc*., 64 F.3d 1001, 1005 (6th Cir. 1995). In insurance cases, Kentucky applies the law "of the state with the most significant relationship to the transaction and the parties." *Kevin Tucker*, 64 F.3d at 1005-06 (*citing Breeding v. Mass. Indemnity & Life Ins. Co*., 633 S.W.2d 717, 719 (Ky. 1982)). In this case, there is no question that Kentucky law applies to the substantive issues presented.

## III. ANALYSIS

### A. Motion to Amend

As previously noted, Rule 15(a)(1) allows for a one-time automatic amendment to a complaint if done within twenty-one days of service of the original complaint. Fed. R. Civ. P. 15(a)(1). If the party seeks to amend the complaint after those twenty-one days have expired, a court may allow the amendment, unless "the amendment is brought in bad faith, for dilatory purposes, results in the undue delay or prejudice to the opposing party or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). In this case, Plaintiff used his one-time pass, in state court. Therefore, the Court must determine if the

proposed amended complaint passes Rule 15 (a)(2) muster. It clearly does not as the proposed amendment would be, once again, futile.

In support of his motion, Plaintiff alleges that a "long awaited" expert report determined that the damage to his home occurred in January 2024 but that the actual collapse of the basement wall occurred on September 27, 2024. As such, he seeks to add a claim for damages flowing from the collapse of the basement wall. However, according to the expert, the damage to Plaintiff's home – basement, chimney, etc.- is the result of the December 2023 wind event and the January 2024 ice storm. This puts Plaintiff's third attempt to avoid the one- year limitation clause squarely within the crosshairs of Magistrate Judge Atkins' ruling that the claims are time-barred and not subject to the discovery rule. The Court notes that Plaintiff did not seek reconsideration of that decision nor would he have prevailed as the Magistrate Judge's ruling is sound in all respects.

**B. Motion To Dismiss**

The Court now turns to State Farm's motion to dismiss the complaint – the April 3, 2025 version being the operative pleading. December 10, 2023, is identified as the date of loss. As stated *supra*, the homeowner's policy issued to Plaintiff contains a one-year contractual limitations clause. As Magistrate Judge Atkins noted, courts have consistently found such clauses are valid and binding.[1] (Docket No. 15, pg. 3). It follows that Plaintiff

---

[1] The Court notes that period of limitations in the insurance context are generally favored. This is apparent in the absence of a statutory proscription. In concluding that 12-month limitation provision was unambiguous and enforceable under Kentucky law, the Kentucky Court of Appeals observed, "[i]n fact, there is a provision in the Insurance Code, KRS 304.14-370, which allows foreign insurers to limit against them to one year…. [this] statute certainly indicates that the public policy of Kentucky favors such limitations." *Webb v. Ky. Farm Bureau Ins. Co.,* 577 S.W.2d 17, 19 (Ky. Ct. App. 1978).

was contractually obligated to bring any action for claimed losses within a year. He did not. As such, dismissal is warranted.

Despite Plaintiff's urging, any suggestion of equitable tolling or estoppel is unavailing. Equitable tolling pauses a limitations period and applies when a plaintiff, "despite all due diligence ... is unable to obtain vital information bearing on the existence of his claim." *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020). In order to invoke equitable tolling, plaintiff bears the burden of demonstrating that: (1) he "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [his] way." *MGG Investment Group LP v. Bemak N.V. Ltd.*, 671 S.W.3d 76, 84 (Ky. 2023). Kentucky's high court noted that the United States Supreme Court addressed the essential elements of the doctrine of equitable tolling in a civil setting in *Menominee Indian Tribe v. United States,* 136 S.Ct. 750, 193 L.Ed.2d 652 (2016) concluding that the elements are not merely factors to be considered but both must be shown. *Williams*, 594 S.W.3d at 193 (internal citations omitted).

Notably, Plaintiff makes no assertion that he diligently pursued his right to file suit against State Farm. As such, his effort to seek refuge in this doctrine fails in the first instance. Even if his diligence could be discerned, Plaintiff does not adequately present an extraordinary circumstance that thwarted his efforts to preserve his claim against State Farm. He maintains the death of his wife in July of 2024 prevented him from pursuing his claim. While the Court is certainly sympathetic, an event occurring five months prior to the expiration of the limitations period and seven months before he filed suit presents a causal connection which is simply too attenuated.

As for estoppel, it is likewise inapplicable. Equitable estoppel will relieve a party from relying on a statute of limitations by virtue of a false representation or fraudulent concealment requires both a material misrepresentation by one party and reliance by the other party. *See generally, Professional Home Health Care v. Commonwealth of Kentucky*, 730 S.W.3d 813, 822 (Ky. 2025). Plaintiff contends that State Farm led him to believe that a lawsuit would not be necessary by assuring him that his claim would be processed in a timely fashion. Yet, there is nothing to suggest that State Farm purposefully tarried. In fact, payment was issued a week after the estimate was presented. Moreover, Plaintiff's assumption that the company intentionally ran the clock, so to speak, does not trigger equitable estoppel in this context. Estoppel looks to conduct, not intention. Further, negotiating toward a settlement, as opposed to promising a settlement, is not enough to trigger estoppel with regard to contractual limitations. *Gailor v. Alsabi*, 990 S.W.2d 597, 600 (Ky. 1999). *See Smith v. Allstate Ins. Co*., 403 F.3d 401, 407 (6th Cir. 2005) ("There is no evidence that Allstate lulled the Smiths into inaction by promising to pay their claim.").

In this case, Plaintiff acted too late and there is no meritorious claim that State Farm prevented him from acting earlier. As the date of loss in the operative complaint is December 10, 2023, and the Amended Complaint was filed on March 12, 2025, the claims are plainly time-barred under the one-year limitations period imposed by the policy.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Modify the Scheduling Order and File an Amended Complaint (Docket No. 20) is **DENIED**;

(2) Defendants State Farm Mutual Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss. (Docket No. 16) is **GRANTED**;

(3) This matter is **STRICKEN** from the Court's active docket; and

(4) A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 15th day of September 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2025\25-50 MTD.docx